MURRAY, J.,
dissenting in part with reasons.
IT agree with the majority with regard to the determination that the trial court was wrong in concluding that the action against Hibernia Corporation was precluded. I respectfully disagree, however, with the majority with regard to the action against Hibernia Bank.
Although the two cases before us were couched as motions for summary judgment, the trial court’s rulings dismissing these cases are really determinations that the court lacked subject matter jurisdiction. As the trial court stated in its reasons for judgment, “Plaintiffs claim constitutes an impermissible collateral attack on a prior order of a federal agency, which lies outside the jurisdiction of this Court.”
On appeal, the ■ parties appear to acknowledge that the only issue is whether the trial court has subject matter jurisdiction. The question of subject matter jurisdiction may or may not hinge on whether the Bodnar Letters constitute final agency action. Even assuming no final agency action, the National Banking Act may preempt state law claims for wrongful termination because it mandates employment at will.[1] Thus, the jurisdictional question presented must be analyzed |aby addressing both of the bases on which jurisdiction may be precluded in state court: (i) federal preemption and (ii) final agency action.
Federal preemption applies and precludes state law claims for termination under the National Banking Act. However, as the majority points out, there is a recent line of primarily state law cases recognizing that the National Banking Act does not preclude banks from entering into reasonable contractual severance provisions. Under that recent line of cases, an employee’s state law contract claim for such severance benefits would not be preempted. The trial court thus has subject matter jurisdiction to address the plaintiffs’ contractual claims for severance benefits. Given that the plaintiffs entered into subsequent settlement agreements and voluntarily resigned, they may not prevail on such contractual claims. Nevertheless, I *461 would find the trial court has subject matter jurisdiction to address those claims.
As noted, the other basis on which the trial court could lack subject matter jurisdiction is if the Bodnar Letters are final agency action. The determination of whether there is final agency action is essentially a factual one. The last sentence in the Bodnar Letters addressed to each of the plaintiffs invites them to provide documentation establishing the legality of their contracts. This invitation belies a finding of finality of agency action. On this point, the majority concludes that no matter how the Bodnar Letters are ultimately characterized — final or not final— the trial court lacks jurisdiction to review the appropriateness of the determinations in those letters. I respectfully disagree. I would conclude that the Bodnar Letters are not final agency action (or at least that there is a genuine issue of material fact on that issue).
For these reasons, I respectfully dissent in part.
MURRAY, J., dissenting in part with reasons.
CANNIZZARO, J., concurs with reasons.

. In the Bodnar Letters, it is stated that the employment contracts at issue violate the National Banking Act.